UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ksenia RUMIANTSEVA,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>WARDEN OF OTAY MESA DETENTION CENTER,<br><br>　　　　　　　　　　Respondent. | Case No.: 25-cv-3844-AGS-DEB<br><br>**ORDER REQUIRING RESPONSE** |

Petitioner Ksenia Rumiantseva seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free her from immigration detention. (*See* ECF 1.)

At this stage, she need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

On "June 18, 2025," petitioner was ordered removed to Russia. (ECF 1, at 6, 13.) She "appealed," and her appeal remains pending. (*Id.* at 6.) She claims that she has been "detained since September 22, 2024." (*Id.*) She asserts that she has been denied "an individualized custody review to which she is entitled under ICE policy," although she identifies no such policy. (*Id.*) That denial, and her continued custody, she argues violates her due process rights, the Immigration and Nationality Act, and the Administrative Procedures Act.

Although thin on critical details—including how she came to be in immigration

custody in the first place, which is necessary to determine what statutory detention scheme she's subject to—petitioner's claims are not frivolous. After all, some courts have concluded that prolonged detention can violate due process, even for arriving aliens subject to mandatory detention under 8 U.S.C. § 1225(b). *See, e.g.*, *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). Thus, the government must respond.

By **January 16, 2026**, respondents must answer the petition. Any reply by petitioner must be filed by **January 23, 2026**. The Court will hold oral arguments on the petition on **January 30, 2026**, at **1:00 p.m.**

Dated:  January 2, 2026

_____
Hon. Andrew G. Schopler
United States District Judge